## Case No. 12,428.

### In re SCAMMON.

[6 Biss. 145.] 1

District Court, N. D. Illinois.   July, 1874.

BANKRUPTCY—PETITION BY SINGLE CREDITOR.

Since the amendment of June 22, 1874 [18 Stat. 178], a petition by a single creditor will not be sustained, if it appear that he did not have good reason to believe that he constituted the requisite proportion of the creditors; and upon this question affidavits and depositions may be taken, and the debtor should not be required to file a schedule of his creditors, and the petition may be dismissed on motion.

In bankruptcy.

[For prior proceedings in this litigation see Cases Nos. 12,430 and 12,427.]

Wirt Dexter, for petitioning creditor.

Lyman Trumbull and B. F. Ayer, for respondent.

BLODGETT, District Judge. On the 12th day of May, 1874, the United States Mortgage Company filed its petition in bankruptcy, alleging that it was a creditor of J. Young Scammon to the amount of $150,089, as evidenced by a judgment rendered in its favor in the circuit court of Cook county, and alleging that said Scammon had been guilty of certain acts of bankruptcy, and praying that he might for said acts be adjudged a bankrupt.

After the passage of the act of June 22, 1874, amendatory of the bankrupt law, a motion was made by respondent to dismiss the proceedings, for the reason that it did not appear that one-fourth of his creditors in number, and the aggregate of whose debts amounted to one-third of the debts provable against his estate in bankruptcy, had joined in the petition. See [Case No. 12,427]. The petitioner thereupon took leave to amend, and afterwards amended its petition by alleging that it was "informed and believed that it constituted one-fourth in number, and that the debt due it from the bankrupt constituted one-third of the amount of debts provable in bankruptcy against the respondent." The original and amended petitions are both verified by Alfred W. Sansome, as the agent and attorney in fact of the petitioner—the petitioner being a non-resident corporation. The respondent thereupon filed his affidavit, setting forth in substance that the petitioner did not constitute one-fourth of his creditors who would be entitled to prove their debts against his estate if he should be adjudged bankrupt, and that said Sansome, the petitioner's agent, well knew that he, Scam-

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

mon, owed a much greater number than four persons who would be entitled to prove their debts against him in bankruptcy, and alleging that the amendment to the petition was not made in good faith, but solely for the purpose of vexing and harassing the respondent; and upon the statement in said affidavit respondent based a motion to dismiss said proceedings, on the ground that they were not instituted and prosecuted in good faith by the requisite number of his creditors.

This motion has been argued and submitted, both upon the question of fact as to Mr. Sansome's knowledge at the time this amended petition was filed as to the number of Mr. Scammon's creditors, and upon the law raised by said fact, if established. Depositions and proofs have been submitted pro and con, and I think the fact is clearly proven that Mr. Sansome did know, or at least have good reason to believe, at the time he filed and verified the amended petition, that the petitioner did not constitute one-fourth in number of Mr. Scammon's creditors who would be entitled to join in or prosecute proceedings against him in bankruptcy. This fact being assumed to be proven, the question is: Should the proceedings be dismissed because not prosecuted in good faith?

As the law now stands, a debtor guilty of any of the acts of bankruptcy mentioned in the law "shall be adjudged a bankrupt on the petition of one or more of his creditors, who shall constitute one-fourth thereof, at least, in number, and the aggregate of whose debts provable under this act amounts to at least one-third of the debts so provable." Rev. St. § 5021 [18 Stat. 181].

As creditors cannot be presumed to know positively the condition of a debtor's affairs, nor the exact number of his creditors, it has been deemed a sufficient compliance with the law if the petition alleged in the first instance upon information and belief that those joining in it constituted the requisite number to commence proceedings. Such an allegation may, however, be met by a denial on the part of the debtor that the requisite number have joined in the petition, but in that case the debtor may be required to file a full list of his creditors, with their places of residence and the amounts due them respectively, and other creditors may have time in which to join in the petition. Here, however, the debtor insists that inasmuch as only one creditor, and that not constituting the requisite number, has presented this petition, and as it is made affirmatively to appear that the petitioning creditor knew through its proper agent that a sufficient number of creditors had not joined in the petition, the petitioner has no standing in court, and the proceeding can be dismissed on motion, without filing a list of creditors.

It is conceded on the part of the petitioner that these proceedings cannot go on unless it shall be made to appear that the requisite number of creditors either now are or shall hereafter become parties thereto; but it is con-

tended that the debtor should come in and file a list of his creditors, with their residences, and the amount due to each, so that the petitioner may know who they are, and obtain, or attempt to obtain, their co-operation in this proceeding.

As I have already said, when creditors acting in good faith aver that they constitute the requisite number to proceed in bankruptcy, I think the debtor is put upon answer and is obliged to furnish them the facts in regard to the number of his creditors and amount of his debts, if he claims that the requisite number have not united in the proceeding, but this is on the assumption that those filing the petition are proceeding in good faith. There can, however, be no doubt that it is essential to the jurisdiction of the court that the requisite number of creditors shall, in some form, unite in the petition to have a debtor adjudged a bankrupt, and nothing less than that number, on a prima facie case, have the right to invoke the aid of the court. The evident intention of the law is to leave it for the requisite quorum of a man's creditors to say whether they will put him in bankruptcy or not. One creditor alone, unless he is one-fourth in number of all a debtor's creditors, cannot prosecute bankruptcy proceedings, nor would it seem consistent with the spirit of the bankrupt law that any number less than one-fourth of a man's creditors, or those honestly believing themselves to be so, can call upon their debtor under the guise of bankruptcy proceedings to give them a list of his creditors.

It may be said that a debtor is under obligation to state his affairs in full to his creditors at any and all times, and that they are, from this relation to him, entitled to the truth. And this may be conceded as a matter of moral obligation, but when creditors invoke the stringent remedy of the bankrupt law they must do it by strict compliance with its provisions. They can have the information through the means of the bankrupt law only by complying with its terms. Here we have a single creditor, acting through an agent, appealing to the bankrupt law, and it appears that at the time he filed his amended petition he knew that the debtor owed a large number of other persons, and that his principal alone did not constitute one-fourth of the creditors of the debtor. Upon this state of facts he had no right to call upon the court to put the debtor in bankruptcy. His standing was certainly no better when he filed his amended petition than it would be now if the debtor were to file his list, and no one of the other creditors, or not enough of them, join him.

What under certain circumstances creditors might find out by the filing of the list, under a rule of this court, this creditor knew before he proceeded with the amended petition. And notwithstanding these proceedings have now been many weeks before the court, none of the creditors of this debtor, except this single petitioner, have asked to be made a party to this petition. I think, therefore, that the fair pre-

sumption must be that the requisite number of creditors do not wish to prosecute bankruptcy proceedings, and this proceeding, having been commenced by a single creditor, with knowledge that it alone could not maintain it, the proceeding should be dismissed.

An order will therefore be entered to that effect.

[For subsequent proceeding in this litigation, see Case No. 12,429.]

NOTE. The absence of the allegation as to number and amount of petitioning creditors in a petition filed by a single creditor is not supplied by the admission of the debtor, even if made in writing, unless the court is satisfied that the admission is made in good faith. In re Keeler [Case No. 7,638].